UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-631-M

DANIEL COBBLE                                                                    PLAINTIFF

v.

VALUE CITY FURNITURE                                                         DEFENDANT

MEMORANDUM & ORDER

Before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction
(DN 12), and Plaintiff's motions for injunctive relief (DN 4), for relief for damages under section
1 of the Bill of Rights (DN 11), for default judgment (DN 18), and for a hearing (DN 21).  The
Court will address each motion in turn.

I.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

On February 15, 2006, Plaintiff placed an order with Defendant's 3426 Preston Hwy.
store to purchase a new living room suite.  The order included a sofa, cocktail table, and end
table.  Plaintiff put down a cash deposit and paid the $1,111.93 purchase price off in full the
following month.  On April 20, 2006, Plaintiff's furniture was delivered to his home.  During the
delivery, Plaintiff noted defects in each of the three pieces, including scratches, marks, and worn
places.  The delivery men noted the defects on their "route sheet" and informed Plaintiff that
Defendant would take care of the problem.  Over the course of the next several days, the Cobble
family noticed other defects with their furniture and came to the conclusion that Defendant had
delivered "used" furniture to them.  When Plaintiff visited Defendant's showroom, he discovered
that the demo set was in pristine, new condition.  Plaintiff alleges that but one conclusion can be

reached from these facts--Defendant used Plaintiff's money to purchase a new demo furniture set for its showroom and delivered the old, used set to Plaintiff.

Plaintiff informed Defendant in writing about his discovery and pointed out to Defendant that its conduct constituted theft-by-deception and fraud.  Defendant did not respond.  As a result, Plaintiff filed suit against Defendant alleging violations of Kentucky state law-- three counts of theft by deception and three counts of fraud.  He sought a refund for the furniture in the amount of $1,111.93, $125,000.00 for mental duress, and $3,500,000.00 in punitive damages. *See Cobble v. Value City Furniture*, 3:06-CV-00229-S.  On June 20, 2006, District Court Judge Charles R. Simpson III dismissed Plaintiff's complaint after concluding that Plaintiff had not in good faith alleged the minimum $75,000 amount-in-controversy requirement for a diversity action.  *Cobble v. Value City Furniture*, No .3:06-CV-00229-S, 2006 U.S. Dist. LEXIS 41696 (W.D. Ky. June 19, 2006).  The Court based its decision to dismiss on the fact that the mental distress claimed by Plaintiff was for damages incurred by Mrs. Cobble, a non-party.  *Id.*  As such, the only compensatory damages that the Court could consider for purposes of assessing whether Plaintiff satisfied the amount-in-controversy requirement were the damages that Plaintiff sought on his own behalf, *i.e.*, the $1,111.93 he paid for the furniture.  *Id.*  While recognizing that punitive damages are included in the amount-in-controversy requirement, the Court noted that they must bear some relationship to the actual damages.  *Id.*  The Court then found that "even if Plaintiff recovered the full $1,111.93 he is seeking for the furniture, he would have to recover punitive damages over 65 times greater than his compensatory damages to satisfy the jurisdictional threshold" and concluded that "under existing United States Supreme Court and Kentucky law, it [was] a 'legal certainty' that such an award would not be sustainable,

2

and therefore, [was] not pled in good faith." *Id.*   As such, the action was dismissed for lack of subject matter jurisdiction. *Id.*

Approximately six months later, Plaintiff filed this action against the same Defendant alleging essentially the same facts.  This time, however, Plaintiff substantially revised the type and amount of damages sought.  While Plaintiff omitted any claim for mental distress damages, he added claims for compensatory damages in the amount of $125.00 a day for storage and care of the furniture that Defendant refused to allow Plaintiff to return and $100.00 dollars for administrative materials and costs.  Thus, in the complaint currently before the Court the damages alleged are as follows: 1) $1,111.91[1] for the cost of the furniture; 2) $125.00 per day for storage and care of furniture, 3) $100.00 for administrative materials and costs incurred by Plaintiff as a result of Defendant's breach; and 4) punitive damages.  Thus, the amount and type of damages sought by Plaintiff in this action are quite different from that previously claimed by Plaintiff, and therefore, the Court's analysis regarding whether Plaintiff can satisfy the amount-in-controversy requirement differs significantly.

Diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332; *see Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).  The Sixth Circuit has stated that district courts "should consider the amount alleged in a complaint and should not dismiss a complaint for lack of subject matter jurisdiction unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th

---

[1]In Plaintiff's first action he sought $1,111.**93** for the sofa, 3:06-CV-00229-S, DN 1 at p. 5. In this action he seeks $1,111.**91** for the sofa, DN 3:06-CV-00631-M, DN 1 at p. 6.

Cir. 1996).  A request for punitive damages may be used to satisfy the amount-in-controversy requirement so long as it bears some relationship to the actual damages.  *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

The $1,111.91 Plaintiff paid for the furniture obviously counts toward the amount-in-controversy requirement.  The next element of damages claimed by Plaintiff is the $125.00 per day for the storage and care of the furniture.  Under Kentucky law, a buyer of commercial goods is entitled to recover "incidental damages resulting from the seller's breach . . . [including] expenses reasonably incurred in inspection, receipt, transportation and ***care and custody of goods rightfully rejected***, any commercially reasonable charges, expenses or commissions in connection with effecting cover ***and any other reasonable expense incident to the delay or other breach***.").  Ky. Rev. Stat. § 355.2-715 (emphasis added).  Thus, it is not improper for Plaintiff to seek to recover costs associated with the storage and care of the furniture in his home.  So long as the amount of claimed damages is not in bad faith, the reasonableness of such damages is an issue for trial.  *Broglie v. MacKay-Smith*, 541 F.2d 453, 455 (4th Cir. 1976) (internal quotations omitted).  ("Mitigation of damages is an issue for trial; plaintiffs' dereliction, if any, has not been sufficiently demonstrated to compel the inference that their claim was not made in good faith.").

The amount in controversy is measured at the time the complaint is filed.  *See Klepper*, 916 F.2d at 340.  Using the date the complaint was filed, December 8, 2006, as the ending date, and Plaintiff's claimed rate of $125.00 a day, at the time the complaint was filed Plaintiff had

Case 3:06-cv-00631-JHM-ERG   Document 27   Filed 07/31/07   Page 5 of 9 PageID #: 77

accrued $29,000.00 in storage fees.[2]  Thus, the total amount of compensatory damages sought by

Plaintiff at the time he filed his complaint was $30,211.91.[3]  While $125.00 a day for storage of

furniture seems high, given the circumstances, the Court cannot say that as matter of law

Plaintiff claimed it in bad faith, nor has Defendant argued to the contrary.[4]  Plaintiff and his

family no doubt have a limited amount of space in their living room, and the presence of the

furniture there has most certainly inconvenienced them.  *See S & R Metals, Inc. v. C. Itoh & Co.*,

859 F.2d 814, 818 n.1 (9th Cir. 1988) (holding that storage fees were properly awarded to

company that stored defective goods at its facility).  Additionally, because of this lawsuit

Plaintiff likely felt that he was prohibited from selling or otherwise disposing of the furniture lest

he be accused of spoilation of evidence.  If Defendant actually refused to remove the furniture,

then under Kentucky law Plaintiff is entitled to recover for its storage and care as well as other

reasonable expenses incident to Defendant's breach.  So long as the amount claimed is not

obviously in bad faith, it is for the jury, not the court, to assess the reasonableness of those

expenses.

Plaintiff is entitled to add punitive damages to his compensatory damages to satisfy the

amount in controversy.  *See Klepper*, 916 F.2d at 340.  Defendant's sole basis for attacking

subject matter jurisdiction in this case is that the total amount of punitive damages Plaintiff is

---

[2]The furniture was delivered on April 20, 2006.  Plaintiff filed his complaint on December 8, 2006.  There were 232 days between these two dates, which when multiplied by $125.00 equals $29,000.00.

[3]The cost of the furniture $1,111.91, administrative and material costs associated with Defendant's breach in the amount of $100.00 and $29,000 for the storage and care of the furniture.

[4]Defendant's motion to dismiss does not address the reasonableness of Plaintiff's compensatory damages claim.

5

seeking, $226,829.64, is not sustainable.  While the Court agrees that the total amount of punitive damages sought by Plaintiff is excessive, the determinative question that the Court must answer is whether Plaintiff would be able to sustain a punitive damages award sufficient to meet the jurisdictional requirement.  Plaintiff would have to recover $44,788.10 in punitive damages, approximately 2.4 times the amount of claimed compensatory damages, to satisfy the amount-in-controversy requirement.  Even Defendant concedes that a single digit multiple is generally considered reasonable when assessing punitive damages.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).  Thus, while questionable, the Court cannot say that it appears to a legal certainty that it would be impossible for Plaintiff to recover over $75,000.00 in this case.  As such, it must deny Defendant's motion to dismiss.

## II.  Motion for Injunctive Relief

Plaintiff is seeking an immediate order from this Court requiring Defendant to remove the furniture from Plaintiff's home.  To determine whether to grant a preliminary injunction, a district court must consider:  (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether its issuance would cause substantial harm to others; and (4) whether the public interest would be served by its issuance.  *Summit County Democratic Central and Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004); *Blue Cross & Blue Shield Mut. v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997).  These factors are not "rigid and unbending requirements," as there is no "fixed legal standard" in determining whether to issue an injunction.  *In re: Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992).  While courts have recognized the likelihood of success on the merits as one of the most significant factors in

determining appropriateness of injunctive relief, a district court should ordinarily analyze all of the factors before deciding whether to grant or deny the requested relief.  *Abney v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006).

First, while Plaintiff has alleged a prima facie case against Defendant, he has not shown that there is a ***strong likelihood*** that he will ultimately prevail at trial.  Indeed, based on the facts currently before the Court, if this case goes to trial it will likely come down to whether a jury believes Plaintiff's version of the facts or Defendant's version.

Second, while having the furniture in his home is no doubt inconvenient for Plaintiff and his family, the harm is not irreparable and Plaintiff is seeking damages in this action for the costs associated with storing and caring for the furniture.

Third, the Court finds that others will not be irreparably harmed if the furniture is not immediately removed.

Finally, the Court finds that the public at large does not have an interest in Plaintiff's request for a preliminary injunction.

Based on this analysis, the Court concludes that Plaintiff's motion for a temporary injunction ordering Defendant to remove the furniture from his home should be denied.

### III.  Motion for Relief From Damages Under Section # 1 of the Bill of Rights

Plaintiff alleges that Defendant has denied Plaintiff and his family the right to the pursuit of happiness guaranteed by the Bill of Rights, and therefore, that he is entitled to $500.00 a day for the damage to his happiness.  The Bill of Rights, however, constrains only state actors. Defendant is a private corporate citizen.  Furthermore, the pursuit of happiness is not a legally cognizable interest.  *Coffey v. United States*, 939 F. Supp. 185, 191 (E.D.N.Y. 1996) ("While the

Declaration of Independence states that all men are endowed certain unalienable rights including 'Life, Liberty and the pursuit of Happiness,' it does not grant rights that may be pursued through the judicial system.  Although the Constitution provides many important protections, a specific guarantee for the pursuit of happiness is not among those granted by the Constitution or its amendments.")  As such, Plaintiff's motion for relief from damages under section # 1 of the Bill of Rights will be denied.

### IV.  Motion for Default Judgment and Motion for Hearing on Default Judgment

Defendant is not in default.  Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  As such, Defendant's answer is not yet due. *See* Fed. R. Civ. P. 12(a)(4)(A) ("[T]he service of a motion permitted under this rule alters these periods of time as follows:  (A) if the court denies the motion . . . the responsive pleading shall be served within 10 days after notice of the court's action.").  Furthermore, the Court does not find that Defendant filed its motion in bad faith to delay answering as Plaintiff argues.  Thus, the Court will deny Plaintiff's motion for default judgment and motion for a related hearing.

### V. ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED AS FOLLOWS**:

1)      Defendant's motion to dismiss for lack of subject matter jurisdiction (DN 12) is **DENIED**;

2)      Plaintiff's motion for injunctive relief (DN 4) is **DENIED**;

3)      Plaintiff's motion for relief for damages under section 1 of the Bill of Rights (DN 11) is **DENIED**;

4)      Plaintiff's motion for default judgment (DN 18) is **DENIED**; and

8

     5)     Plaintiff's motion for hearing (DN 21) is **DENIED**.

Date:

cc:     Plaintiff, *pro se*
         Counsel of Record

4414.008