UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:06-CV-631

DANIEL COBBLE                                                                                         PLAINTIFF

V.

VALUE CITY FURNITURE                                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon objection to the Magistrate's order sustaining the Defendant's work-product objection to an interrogatory which asks the Defendant to state and identify the substance of any communications it has had with individuals identified by the Plaintiff in an affidavit. (DN 74). Fully briefed, this matter is ripe for consideration. For the following reasons, the Plaintiff's objection to the Magistrate's order is **OVERRULED**.

## I. FACTS

The Plaintiff, Daniel Cobble, submitted his first interrogatories to the Defendant, Value City Furniture ("VCF"), on September 13, 2007. Interrogatory 3 states:

> Since May 1, '07, identify with specificity each communication between VCF and the VCF customers that are listed in Daniel L. Cobble's Sept. 4, '07 Affidavit (DN 43), and for each communication, state /identify:
> (a) The date of each communication;
> (b) How the communication was transmitted, whether orally, in writing, by email, phone, etc.;
> (c) The individuals with whom the communication was made;
> (d) The substance of the communication.

(DN 45).

Value City Furniture objected to subpart (d) of the above interrogatory and the Magistrate sustained this objection stating that "the question seeks work-product which is protected from discovery." (DN 61, Magistrate's Report, ¶ 3(c)). The Defendant has filed an objection to this

portion of the Magistrate's Report and Order. (DN 74).

## II. STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a). As a non-dispositive matter, the review of a magistrate's discovery order is governed by the "clearly erroneous or contrary to law" standard of review. Id. See also Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

## III. ANALYSIS

The Plaintiff argues that the Magistrate erred in holding that the information requested by the Plaintiff in Interrogatory 3(d) is protected by the work-product doctrine. The Plaintiff contends that the "work product doctrine does not include communications that Mr. Reilly (Counsel for VCF) had with any of the VCF customer-witnesses provided by [the Plaintiff], since any prior information provided to Mr. Reilly from any such witness is also available to [the Plaintiff] by deposition." (DN 74, Plaintiff's Objection, p. 2).[1]  The Plaintiff argues that only "notes and inter-office communications" are considered "work product privilege." (Id.)

Federal Rule of Civil Procedure 26(b)(3) codifies the work product doctrine and states that "a party may obtain discovery of documents and tangible things otherwise discoverable...and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative...only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

---

[1]As discussed below, one reason the information sought by the Plaintiff is not discoverable is that it presumably can be obtained by the Plaintiff by deposition.

2

The Eighth Circuit has explained the work-product doctrine as follows:

> There are two kinds of work product - ordinary work product and opinion work product. Ordinary work product includes raw factual information. See Gundacker v. Unisys Corp., 151 F.3d 842, 848 n. 4 (8th Cir. 1998). Opinion work product includes counsel's mental impressions, conclusions, opinions or legal theories. Id. Ordinary work product is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means. See Fed. R. Civ. P. 26(b)(3). In contrast, opinion work product enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud. See In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977).

Baker v. GMC, 209 F.3d 1051, 1054 (8th Cir. 2000).

Further, in its application of the work-product doctrine, the Second Circuit has observed that a "lawyer talks to a witness to ascertain what, if any, information the witness may have relevant to his theory of the case, and to explore the witness' knowledge, memory and opinion – frequently in light of information counsel may have developed from other sources. This is part of an attorney's so-called work product." International Business Machines Corp. v. Edelstein, 526 F.2d 37, 41 (2d Cir. 1975)(citing Hickman v. Taylor, 329 U.S. 495 (1947)(see also In re Convergent Technologies Second Half 1984 Securities Litigation, 122 F.R.D. 555, 557(N.D. Cal. 1988)("a statement a lawyer or an investigator takes from a witness is classic work product and is presumptively protected against disclosure, whether it is included in a separate memorandum written by counsel or not.")(citing Hickman v. Taylor) Accordingly, discovery of witness statements to an attorney is generally not allowed if that witness is available to the other party and the sought-after information may obtained by other methods of discovery, such as by taking the deposition of said witness. See, e.g., Baker v GMC, 209 F.3d at 1054; Arney v. Geo. A. Hormel & Co., 53 F.R.D. 179, 181 (D. Minn. 1971).

Based on the above, the Court concludes that the information sought by the Plaintiff in Interrogatory 3(d) constitutes work-product and is not discoverable since the Plaintiff himself has conceded that the sought-after information is available to him by deposition.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's objection to the Magistrate's Order is **OVERRULED**.

cc: Counsel of Record