UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:06-CV-631

DANIEL COBBLE                                                                                               PLAINTIFF

V.

VALUE CITY FURNITURE                                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon objections to 1) the Magistrate's order denying the Plaintiff's motion to stay the furniture pick-up (DN 90); and 2) the Magistrate's order denying the Plaintiff's motion for recusal (DN 91). Fully briefed, these matters are ripe for consideration. For the following reasons, the Plaintiff's objections to the Magistrate's orders are **OVERRULED**.

**Analysis**

**A. The Magistrate's Order Denying Plaintiff's Motion to Stay the Furniture Pick-up**

The Plaintiff argues that the Magistrate erred when it denied his motion to stay the pick-up of furniture from his apartment since the Magistrate did not address the Plaintiff's argument that the partial settlement agreement was violated when an inspector "of bad faith" conducted the inspection of said furniture.[1]

A district court reviews objections to a magistrate's non-dispositive orders under a "clearly erroneous standard." Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001). Under this standard, a district court must affirm the magistrate's

---

[1] The partial settlement agreement provides, in part: "Value City Furniture will conduct an inspection of the furniture at Mr. Cobble's home. Immediately after the inspection is completed the mover will take custody of the furniture, remove it from Mr. Cobble's home, and place it in storage under lock and key. Once the furniture is placed in storage neither party will be allowed access to the furniture unless both parties are present or by an order of the Court." (DN 40, ¶ 2).

decision unless it "is left with definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

Here, the Court is not left "with a definite and firm conviction that a mistake has been made." The Court finds that the Magistrate addressed each of the Plaintiff's arguments and specifically explained to the Plaintiff that 1) a stay is not warranted since the partial settlement agreement does not provide that the selection of an inspector is subject to the Plaintiff's approval; and 2) the Plaintiff may challenge the credibility of the furniture inspector during cross-examination at trial.  Accordingly, the Plaintiff's objection to the Magistrate's order denying the Plaintiff's motion to stay the furniture pick-up is **OVERRULED**.

## B. The Magistrate's Order Denying Plaintiff's Motion for the Magistrate's Recusal

The Plaintiff also objects to the Magistrate's order denying the Plaintiff's motion for the Magistrate's recusal, although his argument for recusal is unclear.  Under 28 U.S.C. § 455(a), "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The judge must recuse himself only "if a reasonably objective person, knowing all the circumstances, would have questioned the judge's impartiality." Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir. 1990).

Here, the Court finds nothing in the record that indicates that the Magistrate is biased. Although the Plaintiff may disagree with some or all of the Magistrate's rulings, these rulings do not establish a basis for recusal under § 455(a).  Thus, the Plaintiff's objection to the Magistrate's order denying the Plaintiff's motion for the Magistrate's recusal is **OVERRULED**.

## Conclusion

For the foregoing reasons, the Plaintiff's objections are **OVERRULED**. **IT IS SO ORDERED**.

cc: Pro se Plaintiff
    Counsel of Record