# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

### CIVIL ACTION NO. 3:06-CV-631

**DANIEL COBBLE**                                                                                        **PLAINTIFF**

**V.**

**VALUE CITY FURNITURE**                                                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon objections to the Magistrate's orders (DN 147, 149) requiring the Plaintiff to file supplemental and/or amended answers to certain interrogatories and requests for admission. (DN 155).[1] The Plaintiff also requests an evidentiary hearing.

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a). As a non-dispositive matter, the review of a magistrate's discovery order is governed by the "clearly erroneous or contrary to law" standard of review. Id. See also Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

Here, the Plaintiff contends that he should not be required to file supplemental and/or amended answers to certain of the Defendant's interrogatories and requests for admission because the information the Defendant seeks is not relevant to the Plaintiff's claims. The Magistrate concluded that the information sought - such as the date and place of the Plaintiff's birth, his

---

[1] The Defendant declined to address these objections contending that they were not timely filed under the Federal Rules of Civil Procedure. However, the orders at issue here were entered on March 21, 2008 (DN 147) and March 24, 2008 (DN 149) and the Plaintiff's objections to these orders were filed on April 4, 2008. Thus, the Plaintiff's objections were timely filed under Fed. R. Civ. P. 72(a)(which provides that objections to a magistrate's order must be filed "within 10 days after being served with a copy" of said order) and Fed. R. Civ. P. 6(2)(which states that when computing time periods of less than 11 days, intermediate Saturdays, Sundays, and legal holidays must be excluded).

spouse's name, the level of formal education the Plaintiff has obtained, the Plaintiff's recent employment history, other civil suits the Plaintiff has filed as a purchaser of goods or services, and any felony convictions - is relevant because it could lead to impeachment evidence.  The Magistrate also concluded that the Plaintiff's objections to the Defendant's requests for admission - regarding whether the Defendant has offered the Plaintiff a full refund, whether the Defendant has offered to exchange the furniture, and whether the Plaintiff has rejected these offers and demanded money above the purchase price of the furniture- were without merit since the information sought  is relevant to the Plaintiff's compensatory damage claims.  The Magistrate further concluded that information related to complaints the Plaintiff has drafted to the Kentucky Consumer Protection Division on behalf of other individuals is relevant to the Plaintiff's claims since the Plaintiff has stated that he intends to rely on these complaints as evidence and since this information may be used for impeachment purposes at trial.

The Court is not persuaded that any of these findings by the  Magistrate are "clearly erroneous." Thus, the Plaintiff's objections are **OVERRULED** and the Plaintiff's request for an evidentiary hearing is **DENIED**.

cc: Counsel of Record