**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:06-CV-631**

**DANIEL COBBLE**                                                                                     **PLAINTIFF**

**V.**

**VALUE CITY FURNITURE**                                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff's motion to "the trial court to remove the magistrate judge due to a conflict of interest" (DN 158) and the Plaintiff's objection to an order entered by the Magistrate (DN 167). Fully briefed, these matters are ripe for decision. For the following reasons, the Plaintiff's motion to remove is **DENIED** and his objection is **OVERRULED**.

Several months ago the Plaintiff filed a motion seeking the recusal of Magistrate Judge Goebel. He argued that Judge Goebel should recuse himself because he was biased against the Plaintiff. As evidence of this bias, the Plaintiff pointed to Judge Goebel's adverse rulings against him. Judge Goebel denied the Plaintiff's motion for recusal under 28 U.S.C. § 455 (DN 80) and this Court overruled the Plaintiff's objections to that order (DN 107). Since that time, the Plaintiff has filed a petition for a grand jury investigation alleging that 1) Judge Goebel has conspired with the defense counsel in this case; 2) forced the Plaintiff to comply with a "violated contract;" and 3) allowed defense counsel to use "confidential settlement matters for trial." (DN 151, Notice of Filed Petition for Grand Jury Investigation).

In the motion now before the Court, the Plaintiff argues that Judge Goebel should be removed from the discovery proceedings in the instant case because the Plaintiff's petition for a grand jury investigation warrants the disqualification of Magistrate Judge Goebel. The Court,

however, disagrees. Under 28 U.S.C. § 455(a), judges are disqualified from any proceeding in which their "impartiality might reasonably be questioned." However, as the Tenth Circuit has recognized:

> the mere fact that a [party] has made derogatory remarks about a judge is insufficient to convince a sane and reasonable mind that the attacked judge is biased or prejudiced. The same is true regarding an objective person, knowing all the facts, assessing whether the judge's impartiality may *reasonably* be questioned. Any other conclusion would allow defendants to cause the recusal of judges simply by making scurrilous and disparaging remarks or charges about them. Permitting parties to manipulate the system with falsehoods or insults in such a manner would be a bizarre application of 455(a)..."

United States v. Cooley, 1 F.3d 985, 994 n. 5 (10th Cir. 1993)(emphasis added). See also 13A Charles Alan Wright, Arthur R. Miller & Edward H. Copper, Federal Practice and Procedure § 3542 at 577-578 (2d ed. 1984)("A party cannot force disqualification by attacking the judge and then claiming that these attacks must have caused the judge to be biased against him..."). Indeed, courts have also held that a judge is not automatically disqualified under §445 even when *sued* by a party unless there is a "legitimate basis" for the suit. See, e.g., Rodriguez v. Nat'l Center for Missing & Exploited Children, 2005 U.S. Dist. LEXIS 5658. *52-55 (D.D.C. 2005); Anderson v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988). See also 32 Am. Jur.2d Federal Courts §149 ( "For a judge to be disqualified simply because the plaintiff has sued the judge would be to allow the plaintiff to manipulate the identity of the decision-maker and thus to engage in judge-shopping").

Here, there is no evidence which suggests that there is a "legitimate basis" for the Plaintiff's request for a grand jury investigation into Magistrate Judge Goebel's handling of this case. There is also no evidence which suggests that Judge Goebel is unable to make fair and impartial decisions as a result of the Plaintiff's request. Thus, the Court finds that the Plaintiff's motion is baseless.

For these reasons, the Plaintiff's motion for the removal of Magistrate Judge Goebel is **DENIED** and his objection to the order entered by the Magistrate is **OVERRULED**. **IT IS SO ORDERED**.

cc: Counsel of Record